UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 12-283** |
| **CARL CAMPBELL** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Carl Campbell's Motion to Terminate Supervised Release (Doc. 185).

On December 12, 2023, Defendant Carl Campbell filed a *pro se* motion requesting early termination of his term of supervised release. In October 2013, Defendant was sentenced by Judge Kurt Engelhardt to 123 months' incarceration and 5 years' supervised release for conspiracy to possess with the intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime. He was released from federal prison in early 2020.[1] He has completed more than 3.5 years of his term of supervised release and asks this Court to release him from further supervision. Defendant contends that he has been in full compliance with the terms of his supervision, including

---

[1] Defendant's Motion contends that his term of supervision began on February 14, 2020, while the Government contends it began on March 6, 2020.

passing all drug tests and keeping a job. The Government has opposed his request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[2] The district court has broad discretion in considering requests for early termination of supervised release.[3] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[4]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. "Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[5] The Court finds that given the nature of Defendant's offense and his criminal history, continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence. Further, the Court finds compelling

---

[2] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[3] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[4] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[5] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

the fact that Defendant's probation officer opposes early termination of supervision.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 16th day of January, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**